UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE JOE QUINLAN,<br><br>Plaintiff,<br><br>v.<br><br>NORMAN KIM MALENG, *et al.*,<br><br>Defendants. | CASE NO. 2:21-cv-01146-RSL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:  December 10, 2021 |

Plaintiff filed this case under 42 U.S.C. § 1983. Dkt. 1-1. Because his complaint "appear[ed] to be irremediably deficient," the Court ordered him to show cause why it should not dismiss the case. Dkt. 9 at 9. The Court found that Plaintiff could not challenge the validity of his conviction in a civil rights case. *Id.* at 5. Further, the Court found that Plaintiff's damages claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), judicial immunity, prosecutorial immunity, the Eleventh Amendment, and the statute of limitations. *Id.* at 5–9. The Court ordered Plaintiff to respond to the show cause order by November 8, 2021 and cautioned him that failing to timely respond would result in dismissal of the case. *Id.* at 10. To date, Plaintiff has not

responded. Therefore, the Court should dismiss Plaintiff's § 1983 damages claims without prejudice but without leave to amend for the reasons in the order to show cause. *Id.* at 5–9; *see Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (court may deny leave to amend where it "would be futile").

The Court should also count the dismissal as a "strike" under 28 U.S.C. § 1915(g). This provision provides that, if a prisoner has brought, while incarcerated, three or more prior federal civil actions or appeals that courts dismissed for failure to state a claim, frivolity, or maliciousness, the prisoner may not bring a federal civil action without paying the filing fee unless (s)he is in imminent danger of serious physical injury. *Id.*

The dismissal of Plaintiff's claims as untimely qualifies as a dismissal for failure to state a claim. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Likewise, the dismissal of Plaintiff's claims as *Heck*-barred qualifies as a dismissal for failure to state a claim because, based on Plaintiff's allegations, *Heck* "present[s] an obvious bar to securing relief." *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055–56 (9th Cir. 2016) (citation and internal quotation marks omitted). Furthermore, the dismissal of Plaintiff's claims on grounds of immunity, and the dismissal of his challenge to his conviction, qualify as dismissals for frivolity. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (claims based on an "indisputably meritless legal theory" are frivolous).

Plaintiff should not be granted *in forma pauperis* ("IFP") status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal

quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke*, 490 U.S. at 325. Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

Accordingly, it is **RECOMMENDED** that:

1. The complaint (Dkt. 1-1) be **dismissed without prejudice**.
2. The dismissal **count as a strike** under 28 U.S.C. § 1915(g).
3. Plaintiff's motion to proceed IFP (Dkt. 1) be **denied without prejudice**.
4. This case be **closed**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 10, 2021** as noted in the caption and **mail** a copy of this Report to Plaintiff.

Dated this 23rd day of November, 2021.

David W. Christel
United States Magistrate Judge